THE PEOPLE OF THE STATE OF NEW YORK, Respond-
ent, v. ISAAC BRADT, Appellant.

*Complaint for a violation of section 13 of chapter 628 of 1857 for selling liquor without a license — when held to be insufficient — evidence that a person has been arrested — when inadmissible.*

The defendant was tried and convicted upon a complaint charging that, without having a license to sell strong and spirituous liquors or wines as a beverage, or otherwise, in quantities less than five gallons at a time, he sold "one bottle of port wine," but not alleging that only that bottle was sold, or that the quantity sold was less than five gallons.

*Held,* that the averments were insufficient to charge the offense, defined in section 13 of chapter 628 of 1857, of selling strong or spirituous liquors or wines, in quantities less than five gallons at a time, without having a license therefor.

The people proved that the defendant was the owner of the premises in which the bottle of wine was sold, and was at the house every day and evening nearly, and at times was seen behind the bar. The defendant claimed, and produced evidence tending to show, that prior to the time of the sale he had leased the premises to one Lizzie Walsh for fifteen dollars a week and his board, reserving a room in the house for his personal occupancy. Upon the cross-examination of

the defendant he was compelled to testify that he had been arrested for keeping a disorderly house in the premises a year before, the court receiving the evidence " solely for the purpose of showing proprietorship."

*Held,* that it erred in so doing. (PARKER and LANDON, JJ.)

APPEAL from a judgment of conviction, entered in the Court of Special Sessions of the city of Albany against the defendant for selling port wine to be drank on the defendant's premises.

The defendant was brought to trial before the Court of Special Sessions of the city of Albany on a complaint of one James Powell, who says " that on the 5th day of October, 1887, at Nos. 66 and 68 Green street, in said city of Albany, he did purchase as a beverage *one bottle of port wine* from one Susan Mitchell and Isaac Bradt, and did then and there drink the same, and paid therefor the sum of one dollar and fifty cents; that said Susan Mitchell and Isaac Bradt had no license to sell strong and spirituous liquors, wines, ale and beer, as a beverage, or otherwise, in quantities less than five gallons at a time." This complaint is sworn to October 5, 1887. Upon this complaint the defendant, Isaac Bradt, was arraigned in the Court of Special Sessions and entered a plea of not guilty. He was separately tried before the court without a jury. On the cross-examination of the defendant by the district attorney, he was compelled to testify as follows: " Over a year ago I was arrested for keeping a disorderly house in this place;" the court overruling an objection made by the defendant's counsel that it was immaterial, irrelevant, incompetent and not the best evidence, and allowing it to be admitted solely for the purpose of showing proprietorship.

*John W. Walsh* and *E. J. Meegan,* for the appellant.

*Andrew Hamilton,* Assistant District Attorney, for the people.

PARKER, J.:

The averments in the complaint are insufficient to charge the offense of which the defendant was found guilty. The charge it assumes to make against the defendant was based upon chapter 628, Laws of 1857, section 13: " Whoever shall sell any strong or spirituous liquors or wines, in quantities less than five gallons at a time without having a license therefor, etc."

The complaint alleges a sale of one bottle of port wine, without alleging that *only one bottle was sold,* or that the quantity sold was

less than five gallons. Averring affirmatively that the defendant did sell one bottle, without some words negativing a larger quantity is not bringing the case within the statute. (Bish. on Stat. Crimes, § 1039.)

It was error to compel the defendant to testify that he had been arrested for keeping a disorderly house in the premises in question over a year before. It is well settled that the mere fact of an arrest based upon some other charge than that for which a defendant is being tried, is not admissible for the purpose of affecting his credibility. (*The People* v. *Crapo*, 76 N. Y., 288.) The court evidently bearing this rule in mind, in overruling the objections made by the defendant, received the evidence " solely for the purpose of showing proprietorship." To justify the ruling therefore, it must appear to have been material evidence upon the question of proprietorship. The people proved that the defendant was the owner of the premises in which the bottle of port wine was alleged to have been sold, and was at the house every day and evening nearly ; and at times was seen behind the bar.

The defendant testified that about the first of May previous to the alleged selling, he leased the premises to one Lizzie Welch for fifteen dollars a week and his board, he to retain a room in the house for his personal occupancy. As to the leasing he was fully corroborated by Lizzie Welch, who further proved that she had obtained a government license in her own name, and had also applied for a license from the local authorities, and had deposited the sum of money usually required, but that no license had been granted her. It was claimed on the part of the people that the pretended leasing was a mere cover, the defendant being the actual proprietor, and it is argued that evidence of the arrest was proper in that it furnished a reason for his applying for a license in some other name than his own.

I am unable to find anything in the evidence justifying such an argument. Had the defendant been convicted a year before for the violation of the excise law, the statue would have prevented him from obtaining a license, and as every man is bound to know the law, it could have been argued fairly from the record of conviction, and the statute that the defendant knowing the law prevented him from obtaining a license in his own name, sought to obtain it for his

benefit by using the name of another. The mere arrest, however, for the violation of the excise law not followed by a conviction, does not forfeit his license as a matter of law, neither does his arrest for the offense of keeping a disorderly house work a forfeiture of it.

It follows that defendant had no reason to apprehend that such arrest constituted a legal obstacle to his obtaining a license. Then unless facts were proven tending to show that it was the practice of the excise commissioners not to grant licenses in such cases of which fact he knew, or that he had been refused on application because of such trouble, or that from information obtained he had been led to expect such a result, it is difficult to see what possible bearing that evidence can have upon the question of proprietorship. There was no such evidence. Not a word can be found in the case showing or tending to show, or from which it can even be argued that the defendant apprehended difficulty in obtaining a license because of the arrest. That fact, then, standing alone as it does in this case, was not material to the issue, and the court was not justified in receiving that, which it was clearly objectionable to receive generally, by simply limiting it to an issue concerning which it was not a material fact.

Judgment and conviction reversed and defendant discharged

LANDON, J., concurred.

FISH, J., concurs upon the first ground stated only.

Judgment of conviction and sentence reversed and defendant discharged.